## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ABEER SADEQ JAAFAR AL AMEEDEE
Al Najaf
Najaf, Iraq

Case No.

Plaintiff

COMPLAINT

Against

U.S. EMBASSY & CONSULATE IN THE
UNITED ARAB EMIRATES
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 191 Street NW., Washington DC 20522

Defendant

_____/

## PETITION FOR WRIT OF MANDAMUS

## INTRODUCTION

1.  This is an action brought by plaintiff, ABEER SADEQ JAAFAR AL
AMEEDEE, to compel a decision on her application for an immigrant visa, which
has been pending with the U.S. Embassy & Consulate in the United Arab Emirates
for approximately eighteen months.

## JURISDICTION

2.  This being a civil action against the United States arising under the

Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C.

§ 701 et seq., both laws of the United States, original jurisdiction over this matter is

vested in this Court by 28 U.S.C. § 1331.

## STANDING

3.  The plaintiff has a legally protected interest in a timely decision by the U.S.

Embassy & Consulate in the United Arab Emirates on her application for an

immigrant visa and (1) the invasion of this right has caused her concrete and

particularized injury in that as a result of this invasion she has been barred from

even being considered for lawful admission to the United States for permanent

residence;  (2) there is a causal connection between the injury-in-fact and the

defendant challenged behavior in that it is precisely that defendant's failure to

adjudicate the immigrant visa application which prevents the plaintiff from

applying to the U.S. for admission as a lawful permanent residence and (3) it is

certain that the injury-in-fact will be redressed by a favorable ruling in that such a

ruling will give the plaintiff an opportunity to apply for  immigrant visa and

ultimately for lawful admission to the U.S. for permanent residency, which she is

currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*,

775 F.3d 1255, 1259-61 (11th Cir. 2014) (viewing "deprivation of an opportunity

to apply for adjustment of status" as injury),  *Patel v. U.S. Citizenship &*

*Immigration Servs.*, 732 F.3d 633, 637-38 (6th Cir. 2013) (viewing "the loss of an

opportunity to become a permanent resident" as injury), *Matushkina v. Nielsen*,

877 F.3d 289, 293 (7th Cir. 2017) (loss of an opportunity to be granted a visa

conveyed standing, even if the ultimate issuance of a visa was not certain). See

also *Raouf v. U.S. Dep't of State*, --- F.Supp.3d ---, 2023 WL 8020484 (DNH

2023) (holding that a spouse of a non-citizen has standing to compel a decision on

a spousal immigrant visa application).  Accordingly, the plaintiff has standing to

complain of the actions of MARTINA A. STRONG, as Ambassador of defendant,

U.S. EMBASSY & CONSULATE IN THE UNITED ARAB EMIRATES, as set

forth below. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## <u>VENUE</u>

4.  Venue is proper under 28 U.S.C. § 1391(e), because this is an action against

officers and agencies of the United States in their official capacities, brought in the

district where a substantial part of the events or omissions giving rise to the

Plaintiff's claim occurred. The Defendant is sued in her official capacity. The U.S.

Embassy & Consulate in the United Arab Emirates is under the Department of

State, a United States federal agency headquartered in the District of Columbia.

## DESCRIPTION OF PARTIES

5. MOHAMMED ELMI is a citizen and national of the U.S., residing in Colorado Springs, Colorado, and his spouse, ABEER SADEQ JAAFAR AL AMEEDEE, is a citizen and national of Iraq, residing in Najaf, Iraq.

6. The Defendant is the U.S. Embassy & Consulate in the United Arab Emirates, and as such has the authority to issue immigrant visas. She resides for official purposes in the District of Columbia.

## BRIEF STATEMENT OF RELEVANT FACTS

7. On or before January 14, 2021,  MOHAMMED ELMI submitted a DS-260 immigrant visa application for his spouse, ABEER SADEQ JAAFAR AL AMEEDEE.

8. On November 19, 2021, the the National Visa Center reviewed the application and determined that all documents were received and approved.

9. A change to the assigned post to the U.S. embassy in Abu Dhabi in the United Arab Emriates generated a new case ID on July 9, 2021. The post change was due to the suspension of immigrant visa operations at the U.S. embassy in Baghdad.

10. In about February 2023, the U.S. Embassy & Consulate in the United Arab Emirates conducted an interview of MOHAMMED ELMI and ABEER SADEQ JAAFAR AL AMEEDEE in regards to the spousal immigrant visa application.

11. Around that same time, the U.S. Embassy & Consulate in the United Arab Emirates requested that the parties provide a new joint sponsor.

12. On March 4, 2023, MOHAMMED ELMI and ABEER SADEQ JAAFAR AL AMEEDEE submitted complete documentation for a new joint sponsor.

13. Thereafter, the U.S. Embassy & Consulate in the United Arab Emirates placed the visa application in administrative processing.

14. Since that time, the U.S. Embassy & Consulate in the United Arab Emirates halted communicating with MOHAMMED ELMI and his spouse, ABEER SADEQ JAAFAR AL AMEEDEE.

15.  To the best of their knowledge and belief, no further action has been taken in MOHAMMED ELMI's case on behalf of his spouse, ABEER SADEQ JAAFAR AL AMEEDEE, by the U.S. Embassy & Consulate in the United Arab Emirates since on or about February 13, 2023.

16. Neither MOHAMMED ELMI, nor his spouse, ABEER SADEQ JAAFAR AL AMEEDEE, has received any substantive information regarding their matters since that time.

## <u>COUNT I</u>

**THE U.S. EMBASSY & CONSULATE IN THE UNITED ARAB EMIRATES BREACHED THEIR DUTY TO ABEER SADEQ JAAFAR AL AMEEDEE TO MAKE A FINAL DECISION ON THE SPOUSAL IMMIGRANT VISA APPLICATION WITHIN A REASONABLE TIME.**

17.  The U.S. Embassy & Consulate in the United Arab Emirates is an officer of the United States Department of State, an agency of the United States government.

18.  The U.S. Embassy & Consulate in the United Arab Emirates owes a duty to ABEER SADEQ JAAFAR AL AMEEDEE, to make a decision regarding the spousal immigrant visa application within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

19. The over two years in which MOHAMMED ELMI's application on behalf of his spouse, ABEER SADEQ JAAFAR AL AMEEDEE, has been pending with the U.S. Embassy & Consulate in the United Arab Emirates is well beyond the time which is reasonably required to adjudicate it.

20. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the plaintiff.

21. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

22. The Ninth Circuit has held that consulates may be required to issue or refuse a visa:

> A consular office is required by law to act on visa applications. Under 22 C.F.R. § 42.81, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provision of INA and the implementing regulations, the consular officer shall either issue or refuse the visa. Every refusal shall be in conformance with the provisions of 22 C.F.R. 40.6." In addition, the section is entitled, "Issuance or refusal mandatory."

*Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997)

## **RELIEF REQUESTED**

WHEREFORE it is respectfully requested that the Court find that an adjudication of MOHAMMED ELMI's application on behalf of his spouse, ABEER SADEQ JAAFAR AL AMEEDEE for spousal immigrant visa to have been unreasonably delayed and compel the U.S. Embassy & Consulate in the United Arab Emirates, to adjudicate her immigrant visa application in no more than

30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Respectfully submitted,

Dated: June 28, 2024

By: */s/Abathar N. Alkudari*
Nadia M. Hamade (P76944)
Abathar N. Alkudari (P80330)
AT LAW GENERAL COUNSEL, PLLC
*Attorneys for Plaintiff*
3 Parklane Blvd., Ste. 1500 - West
Dearborn, MI 48126
(313) 406-7606
nmh@atlawgroup.com
at@atlawgroup.com